***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence and the Full Commission affirms, with modifications, the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On December 22, 2003, an employment relationship existed between Plaintiff and Defendant-Employer.
2. On December 22, 2003, Plaintiff sustained a compensable injury by accident to his low back. *Page 2 
3. Plaintiff's average weekly wage at the time of his compensable injury was $1,078.93, which yields a compensation rate of $674.00.
4. Plaintiff's issue for hearing:
 a. Whether Plaintiff is entitled to a neurosurgical evaluation by Karl Schultz, MD of Gainesville, Ga. as recommended by Lisa Sellers, PA.
5. Defendants' issue for hearing:
 a. Whether Plaintiff's claim for treatment and/or evaluation of his alleged neck condition should be denied on the grounds that it is unrelated to the December 22, 2003 injury by accident.
 ***********
The following were marked and received into evidence at the hearing before the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit 1 — Medical records.
 ***********
Based upon the preponderance of the evidence of the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 22, 2003, an employment relationship existed between Plaintiff and Defendant-Employer.
Plaintiff sustained a compensable injury by accident to his low back on December 22, 2003. Following the compensable injury by accident to his low back, Plaintiff underwent a three-level spinal fusion from L2 to S1 with instrumentation in April 2004 that was medically *Page 3 
necessary to treat the compensable injury to his low back.
3. Plaintiff testified at his deposition that due to the multi-level operation, he has walked and stood with a bent over posture since 2004. Plaintiff further testified that his clinicians encouraged him to walk for exercise regularly in order to maintain his overall health.
4. Plaintiff testified that when standing or walking, Plaintiff's bent-over posture requires him to lift his chin and extend his neck in order to speak to people eye to eye and see where he is going.
5. In August 2010, Plaintiff testified that he woke up with severe pain in his neck and radiating pain and weakness in his right shoulder, arm, and hand.
6. On August 19, 2010, Plaintiff presented to his treating clinician, Lisa Sellers, PAC of Andrews Internal Medicine in Andrews, North Carolina. Based on Plaintiff's history and her examination of Plaintiff, Ms. Sellers diagnosed Plaintiff as suffering from neck pain with C6 radiculopathy. She ordered an MRI study and a referral to Dr. Karl Shultz, a neurosurgeon in Gainesville, Georgia, approximately 78 miles from Andrews. Ms. Sellers testified at her deposition that she had never referred anyone to Dr. Schultz.
7. An MRI study of Plaintiff's cervical spine performed on August 23, 2010 showed mild degeneration of the C3-C4 disk with central bulging of the disc annulus, moderate degeneration of the C4-C5 disc with borderline canal stenosis, and central spinal stenosis at the C5-C6 and C6-C7 levels secondary to central disc bulging of the disc annuli at those levels.
8. Ms. Sellers opined that the way Plaintiff has to walk puts Plaintiff at risk for cervical spine injury because it puts pressure on his disc to have to continuously extend it, especially when he turns his neck.
9. Ms. Sellers also opined that Plaintiff is "very compliant . . . and does everything I *Page 4 
ask him to do." Over the years, Plaintiff's posture and resulting neck position has resulted in increased stress and degeneration to his cervical spine.
10. Ms. Sellers stated to a reasonable degree of medical certainty, and the undersigned finds as fact, that Plaintiff's cervical condition and referral to a neurosurgeon is directly related to his compensable injury to his back and the resulting bowed posture as a result of the multi-level fusion at L3-4, L4-5, and L5-S1.
11. Based upon the preponderance of the evidence of the record and the medical evidence of record, the Full Commission finds that while Plaintiff did not injure his cervical spine in the December 22, 2003 automobile accident, Plaintiff's cervical condition is a material consequence which resulted from an unbroken line of causation beginning with the accident and lumbar spine injury and continuing through his multi-level fusion and years of walking and standing with a bent-over posture and hyper-extended neck.
12. Based upon the preponderance of the evidence of the record and the medical evidence of record, the Full Commission finds that an examination by a neurosurgeon is reasonably required to effect a cure or give relief for Plaintiff's cervical pain and radiculopathy.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's cervical condition is related to his compensable lumbar spine injury and the resulting bowed posture as a result of the multi-level fusion at L3-4, L4-5, and L5-S1, and Plaintiff is entitled to medical compensation for his related cervical condition. N.C. Gen. Stat. § 97-2. *Page 5 
2. Plaintiff is entitled to have Defendants provide medical treatment for his cervical condition including referral to a neurosurgeon as is reasonably required to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-25, 97-25.1.
3. Defendant-Employer has the right to direct the medical treatment for a compensable injury, including the right to select the treating physician. Schofield v. Tea Co.,299 N.C. 582, 586, 264 S.E.2d 56, 60 (1980).
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall provide and pay for medical treatment for Plaintiff's cervical condition by referring Plaintiff to a qualified neurosurgeon for examination and treatment.
2. Defendants are entitled to direct Plaintiff's medical treatment.
This the __ day of November 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/_______________ DANNY L. McDONALD COMMISSIONER *Page 6 
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1